FILED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

2013 APR 11 P 3: 30

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

MITILE, Ltd.                                  )
                                             )
                                             )
                                             )    Civil Action
                                             )
                                             )
                    Plaintiff,               )    No. 1: 13 cv 451
vs.                                          )         GBL/TCB
                                             )
HASBRO, INC.,                                )
                                             )
                    Defendant.               )    DEMAND FOR JURY TRIAL
                                             )
                                             )
_____             )

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff MiTile Limited ("MiTile") brings this action seeking monetary damages and injunctive relieve against Defendant, Hasbro, Inc. ("Hasbro"), to remedy Hasbro's infringement of U.S. Patent No. 8,057,233 ("the '233 patent"), in violation of the Patent Act of the United States, 35 U.S.C. 1 et seq., and the harm caused thereby.

For its Complaint against Hasbro, MiTile alleges as follows:

## PARTIES

2.      Plaintiff MiTile is a Great Britain corporation with its principal place of business at 64 Penrhos Road, Bangor, Gwynedd, LL572AX, North Wales, United Kingdom.

3.      Plaintiff MiTile owns the entire right, title, and interest in United States Patent No. 8,057,233, described below, for a game with manipulable interactive devices.

4.      On information and belief, Defendant Hasbro, Inc. is a Rhode Island corporation having their principle place of business at 1027 Newport Avenue, Pawtucket, Rhode Island. Among other things, Hasbro sells and offers to sell toys and games in this District and elsewhere in the United States.

1

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

5.   This is an action arising under the patent laws of the United States.

6.   This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1332, and 1338 (a).

### Personal Jurisdiction

7.   Hasbro directly and/or through third parties, is doing business in this judicial district by selling, offering to sell and otherwise making available infringing products, such as but not limited to Scrabble® Flash, Yahtzee Flash, and Simon Flash (hereinafter "the Flash Products").

8.   The personal jurisdiction of this Court over Defendant is proper because Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the Commonwealth of Virginia, including in this District. These acts cause injury to MiTile within the District.

9.   Personal jurisdiction is also proper because, upon information and belief, Defendant has derived and continues to derive substantial revenue from the sale of infringing products distributed within the District, and/or expects or should reasonably expect their actions to have consequences within the District and derive substantial revenue from interstate and international commerce.

10.   In addition, Defendant has, and continues to, knowingly induce infringement within this State and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District, by creating and/or disseminating advertisements for the products with like

2

knowledge and intent, and by warranting the products sold by others within the District.

11.    Accordingly, this Court has personal jurisdiction over the parties pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Virginia Code § 8.01-328.1.

**Venue**

12.    Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c) and 1400 (b).

## BACKGROUND

13.    Thomas Martin Owen ("Owen") conceived and developed a game system including a plurality of manually manipulable interactive blocks, each having a changeable individual characterization.

14.    On June 2, 2005, Owen filed a patent Application No. 11/142,955 ("'955 application") for a United States Patent relating to his invention.

15.    On November 15, 2011, the '955 application matured into United States Patent No. 8,057,233 entitled "Manipulable Interactive Devices." ("'233 Patent")

16.    A true and correct copy of the '233 patent is attached hereto as Exhibit A.

17.    The '233 patent is directed to, among other things, a game system comprising manually manipulable interactive blocks, each having changeable individual characterization.

18.    A true and correct copy of Fig. 4 of the '233 patent appears below, showing examples of manually manipulable interactive blocks.

**Fig. 4, '233 Patent**



19.    The '955 application was assigned to Smalti on September 4, 2007 and recorded with the USPTO on May 7, 2010.

3

20.    Smalti assigned the '233 patent to MiTile on March 22, 2013.

## Relationship with Hasbro

21.    In 2004, Owen, acting in his capacity as Director of Development at Futurelab (Bristol), began developing a number of the game systems described in the '233 patent.

22.    A prototype of this game system, called "Intelligent Apparatus," was built in 2006. A picture of the Intelligent Apparatus system is shown below:



23.    The Intelligent Apparatus product subsequently became known as the iTile product. A rendering of the iTile product is shown below:



24.    On January 19, 2009, Yesim Kunter, a Concept Designer within the Futurist Team at Hasbro, contacted Owen by email and indicated that she would "love to show" the Intelligent Apparatus concept to her team at Hasbro. (See Ex. "B")

4

25.    According to Kunter, the "mission [of the Futurist Team] is to inspire and bring new innovative ideas for Hasbro." (See Ex. "B")

26.    Shortly thereafter, Owen provided Kunter with a Smalti brochure detailing the Intelligent Apparatus system and the patent applications protecting this invention. (See Ex. "C")

27.    On October 5, 2009, Owen and Kunter attended the HandHeld Learning Conference in London. During this conference, Kunter attended a presentation given by Owen. Kunter also had follow up discussions with Owen. Via the presentation and the follow up discussions, Owen provided a detailed explanation of, among other things, Smalti's Intelligent Apparatus system and the status of Smalti's patent applications to Kunter.

28.    On October 12, 2009, Kunter informed Owen that she would contact Hasbro's "in-house team and see how we can move on from there." (See Ex. "D")

29.    On October 28, 2009, Owen had a telephone conversation with Leigh Anne Cappello, Vice President, Future Now Division of Hasbro, and David Maurer regarding Smalti's iTile system. During this call, Cappello invited Owen to visit Hasbro's offices in Rhode Island to discuss the possibility of a business collaboration.

30.    On December 22, 2009, Hasbro sent Owen an email asking for "a written description of the invention[.]" (See Ex. "E")

31.    Subsequently, Owen provided a presentation describing Smalti's invention and patent rights to Phil Sage, Director of Global Technology Acquisition at Hasbro. (See Ex. "F")

32.    On June 24, 2010, Sage sent Owen an email stating that Hasbro did not have any current products and would not have any future products that are relevant to Smalti's pending U.S. patent application. (See Ex. "G")

33.    Notwithstanding Sage's June 2010 email, Hasbro released its Scrabble Flash

product to the market in the Fall of 2010.

34.   A photograph of Scrabble ® Flash is shown below.



35.   In 2011, Hasbro released its Yahtzee Flash and Simon Flash products.

36.   On information and belief, Hasbro copied the Intelligent Apparatus product, and the invention claimed in the '233 patent when it made, used, offered to sell and sold, at least, the Flash Products.

## DESCRIPTION OF INFRINGING PRODUCTS

37.   The Hasbro Flash Products include a plurality of blocks that are configured to interact with each other in response to a user's manipulation.

38.   Scrabble® Flash consists of five interactive blocks, each having a display that can present a variety of letters, images, and numbers.

39.   Each block interacts with the other blocks and responds to the relative positions

of the other blocks.

40.    Each block displays a letter and the blocks can be rearranged to form a word as recognized by the game.

41.    Each block may also produce a sound as a result of a meaningful interaction, such as forming a word.

42.    On Hasbro's website for Scrabble Flash, Hasbro instructs its customers to "[u]se the interactive SmartLink tiles to build your words and they'll flash and beep with each word you make!" See http://www.hasbro.com/shop/details.cfm?R=1584D8B3-19B9-F369-10D2-0A943216A214:en_US.

43.    Both Yahtzee Flash and Simon Flash operate in a manner similar to Scrabble Flash in that they are made up of blocks that interact with the other blocks and respond to the relative positions of the other blocks.

44.    On Hasbro's website for Simon Flash, Hasbro instructs its customers that the "WONDER-LINK technology lets the cubes know where you shuffle them, when you win and what you scored." See http://www.hasbro.com/shop/details.cfm?R=9E2EEEE9-5056-900B-10F1-2FC65444A628:en_US&src=endeca&product_id=28851.

45.    Likewise, on Hasbro's website for Yahtzee Flash, the customers are told, "Thanks to innovative Wonder-Link technology, these super-smart dice know what you rolled, what you decide to hold, and automatically re-roll the rest." See http://www.hasbro.com/shop/details.cfm?R=8FC04DAF-5056-900B-10C9-B74655C26F92:en_US&product_id=28789&src=endeca.

46.    Hasbro advertises its Flash Products.

47.    Hasbro's advertisement for Scrabble Flash, which demonstrates people playing the game, and encourages people to purchase and play this game, can be found at

7

http://www.hasbro.com/play/details.cfm?R=92C4F154-5056-900B-1057-672E1E1B5204:en_US.

48.    Hasbro's advertisement for Yahtzee Flash, which demonstrates people playing the game, and encourages people to purchase and play this game, can be found at http://www.hasbro.com/play/details.cfm?R=DF76B4D8-5056-900B-1054-14810B20AFFE:en_US.

49.    Hasbro's advertisement for Simon Flash, which demonstrates people playing the game, and encourages people to purchase and play this game, can be found at http://www.hasbro.com/play/details.cfm?R=0328F8E8-5056-900B-1090-6CE51CAD50F4:en_US&src=endeca.

## COUNT I: PATENT INFRINGEMENT

50.    MiTile incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth at length.

51.    Plaintiff MiTile owns all right, title, and interest in the '233 patent, including the right to sue thereon and the right to recovery for infringement thereof. The '233 patent was duly and legally issued on November 15, 2011, a true and correct copy of the '233 patent is attached hereto as Exhibit A.

52.    On information and belief, Hasbro has infringed and continues to infringe the '233 patent by making, using, selling and/or offering to sell within the United States, and/or by importing into the United States, entertainment devices including, but not limited to, the Flash Products, in the United States and worldwide.

53.    On information and belief, Hasbro makes the Flash Products available in the United States and worldwide.

54.    On information and belief, Hasbro, through the activities and products listed and

described in the paragraphs above, has infringed and is directly infringing the '233 patent, and also is aiding, abetting, and contributing to, and actively inducing infringement of the '233 patent by non-parties, including resellers, users, players, and customers, in the United States and countries foreign thereto, in violation of 35 U.S.C. § 271 (a), (b), (c), and (f).

55.    Hasbro Flash Products are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

56.    Hasbro has received written notice of the application that issued into the '233 patent at least as early as January 2009, and Hasbro was aware of the '233 patent at least as early as October 2011.

57.    As a result of Hasbro's infringing activities, MiTile has suffered, and will continue to suffer, substantial damages in an amount yet to be determined.

58.    Hasbro's acts complained of herein have damaged and will continue to damage MiTile irreparably.  MiTile has no adequate remedy at law for these wrongs and injuries. MiTile is therefore entitled to a preliminary and permanent injunction restraining and enjoining Hasbro and its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the claims of the '233 patent.

59.    Hasbro is not licensed or otherwise authorized to make, use, import, offer to sell, market, provide, or sell any product or method claimed in the '233 patent, and Hasbro's conduct is, in every instance, without MiTile's consent.

60.    Hasbro's infringement has been and continues to be willful.

### PRAYER FOR RELIEF

**WHEREFORE,** MiTile requests that this Court grant the following relief:

1.    Adjudge that Defendant has infringed and continues to infringe the asserted claims of the '233 patent;

2.      Declare that Hasbro's infringement of the '233 patent has been willful;

3.      Award MiTile preliminarily and permanent injunction restraining Hasbro, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the '233 patent;

4.      Award MiTile damages from Hasbro that are adequate to compensate for Hasbro's infringement, including interest and costs;

5.      Award MiTile treble damages based on Hasbro's copying and willful infringement of the '233 patent;

6.      Declare this case to be exceptional and award MiTile its reasonable attorney fees and costs under 35 U.S.C. 285; and

7.      Award MiTile such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

MiTile requests a trial by jury on all issues so triable.

DATED: April 11, 2013

By: _____

Eric S. Barr (VSB # 74657)
SUGHRUE MION, PLLC
2100  Pennsylvania Ave, NW
Suite 800
Washington, DC 20037
Tel: 202-293-7060
Fax: 202-293-7860
Email: ebarr@sughrue.com

***Of Counsel***

William H. Mandir
John F. Rabena
Chandran B. Iyer
Margaret M. Welsh
SUGHRUE MION, PLLC
2100  Pennsylvania Ave, NW
Suite 800
Washington, DC 20037
Tel: 202-293-7060
Fax: 202-293-7860
Email: wmandir@sughrue.com
Email: jrabena@sughrue.com
Email: cbiyer@sughrue.com
Email: mwelsh@sughrue.com

11