**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MITILE, LTD.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HASBRO, INC.,<br><br>　　　　　　Defendant. | Civ. A. No. 1:13-cv-00451-GBL-TCB<br><br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Hasbro, Inc. ("Hasbro"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff MiTile, Ltd. ("MiTile"). For convenience, Hasbro repeats the headings employed by MiTile. Hasbro, however, does not admit or concede any allegation in the Complaint by so doing.

1.　　　The allegations in this paragraph are legal in nature and, as such, no response is required from Hasbro. To the extent a response is deemed necessary, Hasbro denies the allegations contained in paragraph 1.

## PARTIES

2.　　　Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.　　　Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.　　　Hasbro admits the allegations set forth in paragraph 4.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

5.     Hasbro admits that the patent laws of the United States may give rise to an action. Hasbro otherwise denies the allegations contained in paragraph 5.

6.     Hasbro admits that 28 U.S.C. §§ 1331, 1332, and 1338(a) authorize federal courts to exercise subject-matter jurisdiction over actions involving federal questions, diversity of citizenship and patent infringement, respectively.  Hasbro otherwise denies the allegations contained in paragraph 6.

### Personal Jurisdiction

7.     Hasbro admits that it has done business in the district by selling and offering for sale Scrabble® Flash, Yahtzee Flash and Simon Flash.  Hasbro denies the remaining allegations contained in paragraph 7.

8.     Hasbro denies the allegations contained in paragraph 8.

9.     Hasbro denies the allegations contained in paragraph 9.

10.     Hasbro denies the allegations contained in paragraph 10.

11.     Hasbro admits that Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and Virginia Code § 8.01-328.1 specify when courts may exercise personal jurisdiction over a party. Hasbro otherwise denies the allegations contained in paragraph 11.

### Venue

12.     Hasbro admits that 28 U.S.C. §§ 1391(b), (c), and 1400(b) specify the venue requirements for patent infringement actions.  Hasbro otherwise denies the allegations contained in paragraph 12.

#23085639_v2

## BACKGROUND

13.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Hasbro admits that the Utility Patent Application Transmittal form for U.S. Patent Application No. 11/142,995 (the "'995 application") is dated June 2, 2005, and names Martin Owen as the first inventor.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15.    Hasbro admits that U.S. Patent No. 8,057,233 (the "'233 patent") states on its face that it issued from the '955 application and is entitled "Manipulable Interactive Devices." Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.    Hasbro denies the allegations contained in paragraph 18.

19.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

## Relationship with Hasbro

21.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

#23085639_v2

22.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Hasbro admits that on January 19, 2009, Yesim Kunter, a concept designer within the Futurist Team at Hasbro, contacted Martin Owen by email and stated that she would "love to show this project (the part that can be sharable) to [her] team in order to explain the trend that you are symbolising." Hasbro denies the remaining allegations contained in paragraph 24.

25.     Hasbro admits that on January 19, 2009, Yesim Kunter stated that "[o]ur mission is to inspire and bring new innovative ideas for Hasbro." Hasbro denies the remaining allegations contained in paragraph 25.

26.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Hasbro admits that on October 12, 2009, Yesim Kunter stated in an email to Martin Owen that she would "contact our in-house team and see how we can move on from there." Hasbro denies the remaining allegations contained in paragraph 28.

29.     Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Hasbro admits that on December 22, 2009, Darlene Horan stated in an email to Martin Owen that "[i]f you are looking to mail in your submission, please send the materials

4

#23085639_v2

along with a written description of the invention to my attention at the address below." Hasbro denies the remaining allegations contained in paragraph 30.

31.    Hasbro admits that Martin Owen provided a presentation to Phil Sage, Director of Global Technology Acquisition at Hasbro, describing "a multi-sensory play and learning system," and also describing Siftable, a product sold by Sifteo Inc., which Martin Owen described as "a very similar concept." Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32.    Hasbro admits that on June 24, 2010, Phil Sage stated in an email to Martin Owen that "I have had your pending US patent application reviewed by Hasbro's patent attorney and have been advised that it does not appear to be relevant to any of our current or proposed future products." Hasbro denies the remaining allegations contained in paragraph 32.

33.    Hasbro admits that it sold its Scrabble Flash product in the autumn of 2010. Hasbro denies the remaining allegations contained in paragraph 33.

34.    Hasbro admits that paragraph 34 appears to show a photograph of Scrabble Flash.

35.    Hasbro admits that it sold Yahtzee Flash and Simon Flash in 2011. Hasbro denies the remaining allegations contained in paragraph 35.

36.    Hasbro denies the allegations set forth in paragraph 36.

## DESCRIPTION OF INFRINGING PRODUCTS

37.    Hasbro admits that Scrabble Flash includes a plurality of electronic tiles capable of interacting with each other. Hasbro admits that Yahtzee Flash includes a plurality of electronic dice capable of interacting with each other. Hasbro admits that Simon Flash includes a plurality of electronic cubes capable of interacting with each other. Hasbro denies the remaining allegations contained in paragraph 37.

5

#23085639_v2

38.    Hasbro admits that Scrabble Flash includes five electronic tiles, each capable of displaying a character or symbol. Hasbro denies the remaining allegations contained in paragraph 38.

39.    Hasbro admits that each Scrabble Flash electronic tile is capable of interacting with adjacent electronic tiles. Hasbro denies the remaining allegations contained in paragraph 39.

40.    Hasbro admits that the Scrabble Flash electronic tiles are capable of being arranged to form a recognizable word. Hasbro denies the remaining allegations contained in paragraph 40.

41.    Hasbro admits that each Scrabble Flash electronic tile is capable of emitting a sound in response to certain actions, such as forming a recognizable word. Hasbro denies the remaining allegations contained in paragraph 41.

42.    Hasbro admits that its website for Scrabble Flash states: "Use the interactive SmartLink tiles to build your words and they'll flash and beep with each word you make!" Hasbro denies the remaining allegations contained in paragraph 42.

43.    Hasbro admits that Yahtzee Flash includes electronic dice, each of which is capable of interacting with adjacent dice and performing certain actions in response to the position of the dice. Hasbro admits that Simon Flash includes electronic cubes, each of which is capable of interacting with adjacent cubes and performing certain actions in response to the position of the cubes. Hasbro denies the remaining allegations contained in paragraph 43.

44.    Hasbro admits that its website for Simon Flash states: "The WONDER-LINK technology lets the cubes know where you shuffle them, when you win and what you scored." Hasbro denies the remaining allegations contained in paragraph 44.

6

#23085639_v2

45. Hasbro admits that its website for Yahtzee Flash states: "Thanks to innovative Wonder-Link technology, these super-smart dice know what you rolled, what you decide to hold, and automatically re-roll the rest." Hasbro denies the remaining allegations contained in paragraph 45.

46. Hasbro admits that it has advertised Scrabble Flash, Yahtzee Flash, and Simon Flash.

47. Hasbro admits that the video located at http://www.hasbro.com/play/details.cfm?R=92C4F154-5056-900B-1057-672E1E1B5204:en_US is an advertisement showing people playing Scrabble Flash. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47.

48. Hasbro admits that the video located at http://www.hasbro.com/play/details.cfm?R=DF76B4D8-5056-900B-1054-14810B20AFFE:en_US is an advertisement showing people playing Yahtzee Flash. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48.

49. Hasbro admits that the video located at http://www.hasbro.com/play/details.cfm?R=0328F8E8-5056-900B-1090-6CE51CAD50F4:en_US&src=endeca is an advertisement showing people playing Simon Flash. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49.

#23085639_v2

## COUNT I:  PATENT INFRINGEMENT

50.    Hasbro repeats and incorporates by reference its answers to paragraphs 1 to 49 of the Complaint as if fully set forth herein.

51.    Hasbro admits that the '233 patent states on its face that it issued on November 15, 2011.  Hasbro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51.

52.    Hasbro denies the allegations set forth in paragraph 52.

53.    Hasbro admits that it has offered for sale and sold Scrabble Flash, Yahtzee Flash, and Simon Flash in the United States and outside the United States.  Hasbro denies the remaining allegations set forth in paragraph 53.

54.    Hasbro denies the allegations set forth in paragraph 54.

55.    The allegations in this paragraph are legal in nature and, as such, no response is required from Hasbro.  To the extent a response is deemed necessary, Hasbro denies the allegations contained in paragraph 55.

56.    Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.    Hasbro denies the allegations set forth in paragraph 57.

58.    Hasbro denies the allegations set forth in paragraph 58.

59.    Hasbro denies the allegations set forth in paragraph 59.

60.    Hasbro denies the allegations set forth in paragraph 60.

## DEFENSES

61.    Hasbro repeats and incorporates by reference its answers to paragraphs 1 to 60 of the Complaint as if fully set forth herein.

#23085639_v2

**First Defense**
**(Failure to State a Claim on Which Relief May Be Granted)**

62.    The Complaint fails to state a claim on which relief may be granted.

**Second Defense**
**(Non-Infringement)**

63.    Hasbro has not infringed and is not infringing either directly, or indirectly by inducing or contributing to the infringement of, any claim of the '233 patent, either literally or under the doctrine of equivalents.

64.    On information and belief, MiTile is precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope or range of equivalents of the claims of the '233 patent that would encompass any Hasbro product, activity, or method.

**Third Defense**
**(Invalidity)**

65.    Each of the claims of the '233 patent is invalid for failing to comply with one or more sections of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**Fourth Defense**
**(Waiver, Estoppel, Laches, and/or Acquiescence)**

66.    On information and belief, MiTile's claim against Hasbro for infringement of the '233 patent is barred, in whole or in part, by equitable doctrines, including waiver; estoppel, including prosecution history estoppel; laches; and/or acquiescence.

**Fifth Defense**
**(Marking)**

67.    On information and belief, MiTile's claim for damages is barred, in whole or in part, by failure to properly mark relevant products as required by 35 U.S.C. § 287 or provide notice under 35 U.S.C. § 287.

9

#23085639_v2

**Sixth Defense**
**(No Basis for Injunctive Relief)**

68.    MiTile is not entitled to injunctive relief because any alleged injury to MiTile is not immediate and/or irreparable, and MiTile has an adequate remedy at law.

**Seventh Defense**
**(Additional Defenses)**

69.    MiTile's claims may be barred, in whole or in part, by additional defenses that are as yet unknown due to the fact that discovery is not yet complete.  Accordingly, Hasbro reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Hasbro, by and through its attorneys, hereby asserts the following counterclaim against MiTile and alleges as follows:

### PARTIES

1.    Hasbro is a corporation organized and existing under the laws of the State of Rhode Island having its principal place of business at 1027 Newport Avenue, Pawtucket, Rhode Island.

2.    On information and belief, MiTile is a corporation organized under the laws of Great Britain having its principal place of business at 64 Penrhos Road, Bangor, Gwynedd, LL572AX, North Wales, United Kingdom.

### JURISDICTION AND VENUE

3.    This is a claim for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 8,057,233 (the "'233 patent") which arises under 28 U.S.C. §§ 2201 and 2202.

10

#23085639_v2

4.    This dispute arises out of an actual and justifiable controversy between MiTile and Hasbro in that MiTile has asserted in this action that Hasbro infringes the '233 patent.

5.    The Court has subject-matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    The Court has personal jurisdiction over MiTile by virtue of MiTile having filed the Complaint in the Court.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and (d).

## COUNT I
### (Declaratory Judgment of Non-Infringement)

8.    Hasbro repeats the allegations of paragraphs 1 to 7 of the Counterclaim as if fully set forth herein.

9.    MiTile alleges that it is the owner of all right, title, and interest in the '233 patent.

10.    MiTile has filed a Complaint alleging that Hasbro has infringed and continues to infringe the claims of the '233 patent.  Accordingly, there exists a substantial and continuing justiciable controversy between the parties as to the claimed infringement of the '233 patent.

11.    Hasbro has not infringed and is not infringing either directly, or indirectly by inducing or contributing to the infringement of, any claim of the '233 patent, either literally or under the doctrine of equivalents.

12.    Hasbro has suffered and will continue to suffer damages as a result of MiTile's wrongful allegations of infringement.

## COUNT II
### (Declaratory Judgment of Invalidity)

13.    Hasbro repeats the allegations of paragraphs 1 to 12 of the Counterclaim as if fully set forth herein.

11

#23085639_v2

14.    Each of the claims of the '233 patent is invalid for failing to comply with one or more sections of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

15.    Hasbro is entitled to a declaration from the Court that each of the claims of the '233 patent is invalid because each claim fails to satisfy the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Hasbro prays for judgment as follows:

A.    Holding that MiTile is not entitled to any relief, whether legal, equitable, or otherwise, from its suit with Hasbro;

B.    Declaring that Hasbro does not infringe, either directly or indirectly, contributory, or by inducement, any of the claims of the '233 patent, either literally or under the doctrine of equivalents;

C.    Declaring that the claims of the '233 patent are invalid;

D.    Declaring this case an exceptional case under 35 U.S.C. § 285;

E.    Awarding Hasbro its reasonable costs and attorney fees; and

F.    Granting such other and further relief as the Court may deem just and proper.

12

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Hasbro respectfully demands a trial by jury as to all claims and defenses triable of right to a jury.

Dated: May 20, 2013

/s/_____
Andrew R. Oja (VSB# 80764)
Brandon H. Elledge (VSB# 45349)
HOLLAND & KNIGHT LLP
1600 Tysons Blvd.
Suite 700
McLean, VA  22102
Tel:  (703) 720-8600
Fax:  (703) 720-8610
andrew.oja@hklaw.com
brandon.elledge@hklaw.com

*Of Counsel:*

Joshua C. Krumholz
HOLLAND & KNIGHT LLP
10 St. James Ave.
11th Floor
Boston, MA 02116
Tel:  (617) 523-2700
Fax:  (617) 523-6850
joshua.krumholz@hklaw.com

*Attorneys for Defendant and
Counterclaim-Plaintiff Hasbro, Inc.*

13

#23085639_v2

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of May, 2013, a true copy of the foregoing was served via

the Court's electronic case filing (ECF) system on:

Eric S. Barr (VSB# 74657)
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., NW
Suite 800
Washington, DC 20037
Tel:    (202) 293-7060
Fax:    (202) 293-7860
ebarr@sughrue.com

*Attorney for Plaintiff MiTile, Ltd.*

/s/_____
Andrew R. Oja (VSB# 80764)
Brandon H. Elledge (VSB# 45349)
HOLLAND & KNIGHT LLP
1600 Tysons Blvd.
Suite 700
McLean, VA  22102
Tel:  (703) 720-8600
Fax:  (703) 720-8610
andrew.oja@hklaw.com
brandon.elledge@hklaw.com

*Attorneys for Defendant and
Counterclaim-Plaintiff Hasbro, Inc.*

14

#23085639_v2