THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUN 1 9 2013

MITILE, LTD.,                          )
                                       )
        Plaintiff,                     )
                                       )
                                       )
v.                                     )   Civil Action No.1:13cv451
                                       )
                                       )
HASBRO, INC.,                          )
                                       )
        Defendant.                     )

**SCHEDULING ORDER**

1.      Upon consideration of the representations made by the parties in submissions presented, the Court makes the following rulings:

a.      The Joint Proposed Discovery Plan is approved and shall control discovery to the extent of its application as modified by the Court.

2.      The following provisions shall apply to the filing and noticing of all motions:

(a)     All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.  All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3).  An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to**

**the chambers of the judge** within one day of the electronic filing.  *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b)  All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below.  A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above.  Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c)  Dispositive motions and motions relating to patent claim construction shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K).  Local Civil Rule 7(F)(1) provides that a responsive brief is due 11 days after **service** of the motion and a rebuttal brief may be filed 3 days after the **service** of the opposition.  Unless the parties have agreed to waive the additional time provided in Fed. R. Civ. P. 6(d) for acting after electronic service, a notice of hearing for a dispositive motion must allow at least 21 days in order to allow the briefing to be completed prior to the hearing.  Any dispositive motion against a *pro se* party must contain the

notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d)   In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed and served** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday.  Under this expedited schedule, a response must be **filed and served** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed and served** as early as possible on Thursday to give the Court time to review all pleadings before the hearing.  At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e)   All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.  As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record.

A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movants section, each of the movant=s enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record.  The Court may assume that any fact identified by the movant as undisputed in the movants brief that is not specifically controverted in the non-movants brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(f)  Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court.  The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings.  Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5.  Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record.  An unsealed, redacted version of the filing in issue shall be filed with the motion to seal.

Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004).

3.    To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

4.    Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

5.    In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51.  Violation of this Rule will constitute a waiver of objections to any instructions given.  In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

It is so ORDERED.

_____/s/_____
Theresa Carroll Buchanan
United States Magistrate Judge

_____
Theresa Carroll Buchanan
United States Magistrate Judge

Date: June 19, 2013
Alexandria, Virginia

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| MITILE, LTD., <br><br>               Plaintiff, <br><br> v. <br><br> HASBRO, INC., <br><br>               Defendant. | Case No. 1: 13-cv-00451-GBL-TCB |

## PROPOSED DISCOVERY PLAN

Plaintiff MiTile, Ltd. ("MiTile") and Defendant Hasbro, Inc. ("Hasbro") submit this Proposed Discovery Plan in accordance with the Scheduling Order issued on May 28, 2013 (D.I. 18).

### I.  PROTECTIVE ORDER

The parties shall submit a stipulated protective order to the Court on or before **June 21, 2013**, or, should they fail to agree by that date, they shall file any motions for entry of a protective order by **June 25, 2013**. The parties mutually agree that until the Court enters a Protective Order, all documents, materials, and information produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as "Highly Confidential – Outside Attorneys' Eyes Only." In no event shall any party withhold producing its documents or responses based on confidentiality concerns or the fact that a Protective Order has not yet been entered.

### II.  PARTY DISCLOSURES

The parties agree to exchange preliminary infringement and preliminary invalidity contentions.

1

Plaintiff shall serve preliminary infringement contentions on **July 1, 2013**, containing each claim alleged to be infringed; each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which Plaintiff is aware; a chart identifying specifically where each limitation of each asserted claim is found within the Accused Instrumentality; an identification of whether the alleged infringement is direct, contributory, or by inducement and whether doctrine of equivalents is alleged; as to each element that the plaintiff contends is a means-plus-function element, an identification of what in the Accused Instrumentality constitutes corresponding structure(s), act(s), or material(s) described in the specification, or is an equivalence thereof, along with the basis for asserting such equivalence; and for any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

Defendant shall serve preliminary invalidity contentions on **July 15, 2013**, containing the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious; whether each item of prior art anticipates each asserted claim or renders it obvious and, if obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious including an identification of any combinations of prior art showing obviousness; a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112 ¶ 2, or enablement or written description under 35 U.S.C. § 112 ¶ 1 of any of the asserted claims.

2

Plaintiff shall serve its preliminary validity contention and Defendant shall serve its preliminary non-infringement contention on **July 22, 2013.**

Plaintiff shall serve its final infringement contentions on **August 12, 2013,** and Defendant shall serve its final invalidity contentions on **August 14, 2013.** Plaintiff shall serve its final validity contention and Defendant shall serve its final non-infringement contention on **September 6, 2013.**

Amendment or modification of the final infringement, non-infringement, validity or invalidity contentions may be made only by order of the court, which shall be entered only upon a showing of good cause.

### III. DISCOVERY SCHEDULE

The scope of discovery shall be governed by the Federal Rules of Civil Procedure, as modified by the following provisions, subject to the parties' right to seek (or agree upon) additional or modified discovery provisions under appropriate circumstances:

A. The parties shall serve their Rule 26(a)(1) initial disclosures by **June 20, 2013.** The parties further agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to service by first class mail.

B. Amended Pleadings may be filed without leave of Court on or before **July 1, 2013.** Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause.

C. Discovery Limitations:

1. Depositions shall be limited to **ten (10)** non-expert depositions per side. Additionally, pursuant to the Court's May 28, 2013 Order (D.I.

3

18), a party may not exceed **five (5)** non-party, non-expert witness depositions. The number of depositions may be extended only with leave of Court, and only upon a showing of good cause. A deposition taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure shall constitute one deposition, irrespective of the number of representatives designated to testify on behalf of the organization. The parties agree to identify the representatives being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least **seven (7) calendar days** in advance of the deposition date. Each deposition (fact and expert) will presumptively last not more than **seven (7) hours**, but the parties agree to work together in good faith to accommodate depositions that reasonably require more than **seven (7) hours** to complete.

2. The parties agree that notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall not be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at deposition or trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed

4

in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at deposition and trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

3. The parties shall provide a privilege log within **fourteen (14) calendar days** of service of document productions in response to document requests, with the specific understanding that the production of documents themselves may be done on a "rolling" basis and, as such, corresponding updates and amendments to privilege logs may be expected. The parties further agree that documents and things that are privileged or subject to the work product exception created after the date of filing of this lawsuit need not be identified on any such privilege log.

4. The parties shall meet and confer on the handling of electronic discovery, and may file a separate stipulation in the future.

D. All initial expert reports (i.e., for matters on which a party bears the burden of proof) shall be served on or before **September 11, 2013**. All rebuttal reports shall be served on or before **October 2, 2013**. If the defendant alleges obviousness in its initial report, the plaintiff's rebuttal report shall include any evidence of secondary considerations of non-obviousness. To the extent fact discovery relevant to expert disclosures is not produced sufficiently in advance to enable the experts to incorporate such discovery into their

5

disclosures, the experts shall be permitted to promptly serve supplemental disclosures addressing such discovery.

E.  The parties do not believe that the Court requires a technical tutorial. If the Court believes that such a tutorial is necessary, the parties shall meet and confer and, if they can agree on a joint technical tutorial, shall submit it to the Court by no later than **October 7, 2013.**

F.  Interrogatories, requests for production, and requests for admission shall be served by **July 26, 2013.** Written discovery and document production in response to discovery requests shall be substantially complete by **September 6, 2013.**

G.  All discovery shall be commenced in time to be completed by **October 11, 2013.**

H.  All Rule 26(a)(3) disclosures, including a list of exhibits to be used at trial, a list of witnesses to be called at trial, and deposition designations shall be filed and served no later than **October 16, 2013,** along with a written stipulation of uncontested facts.

I.  All pretrial motions and objections to Rule 26(a)(3) disclosures shall be filed and served no later than **October 28, 2013.**

J.  All oppositions to pretrial motions shall be filed by no later than **November 4, 2013.**

K.  A final pretrial conference shall be held in this matter on **October 17, 2013.**

L.  A Markman hearing (if necessary) will be set by the Court at the final pretrial conference.

6

M. Dispositive and pretrial motions shall be heard by the Court on a schedule that is to be set at the final pretrial conference.

## IV.    CLAIM CONSTRUCTION AND DISPOSITIVE MOTIONS

A. On or before **July 17, 2013**, each party shall serve on the other a list of claim terms, phrases, or clauses that each party contends should be construed by the Court. Prior to **July 19, 2013**, the parties shall meet and confer to identify a common list of terms to be construed. On or before **July 24, 2013**, each party shall serve on the other party proposed constructions for the identified claim terms, including, for each element that any party contends is governed by 35 U.S.C. § 112 ¶ 6, an identification of the structure, material, or acts corresponding to that element.

B. Claim Construction Briefs:

**Plaintiff's Position**: Plaintiff believes that opening claim construction briefs and responsive claim construction briefs are unnecessary and a waste of the Court's and parties' time and resources. The claim construction briefing schedule proposed by the defendants (final briefs due by August 16, 2013) does not help with fact discovery since the parties are set to serve their final infringement and invalidity contentions before the claim construction issues are fully briefed. Likewise, the defendant's proposed schedule also will not help expert discovery because it is unlikely that the parties will receive a claim construction decision from the Court by the time initial expert reports are due (September 11, 2013). As such, the filing of claim construction briefs will not aid the discovery process and, indeed, will drain resources needed for

conducting discovery. For purposes of efficiency and economy, Plaintiffs propose that the parties brief any necessary claim construction issues in connection with the filing of any dispositive motions or pretrial briefs. This ensures that the Court will only need to construe those claim terms that are ultimately necessary for the resolution of this case.

**Defendant's Position:** Hasbro believes that issues of non-infringement and invalidity in this case may depend on the construction of certain claim terms in the asserted patent. Hasbro, therefore, wishes to engage in claim construction briefing in an attempt to address central issues in this case and to allow the parties to better understand each side's claim construction positions. A better understanding of the parties' positions may allow for settlement ~~before trial. Accordingly, Hasbro proposes that~~ the parties shall file opening claim construction briefs *and summary judgment briefs* on August 5, 2013, and responsive claim construction *and summary judgment* briefs on August 16, 2013, ~~As the Court is aware, claim construction is an issue of law. Claim construction briefing, therefore, will not be a waste of the parties' or the Court's resources because all disputed terms will need to be resolved before a jury trial. Filing claim construction briefs in mid-August will allow the Court sufficient time to construe any disputed terms before trial (or before dispositive motions). Further, with the current proposed discovery plan and scheduling order, mid-August provides the most convenient time before trial for the parties to prepare claim construction briefs.~~

C. All dispositive motions shall be filed by **October 16, 2013**. ~~Responsive papers shall be filed no later than fourteen (14) calendar days after service of~~ The Court shall hold oral argument on summary judgment[8] and claim construction on September 30, 2013 at 10:00 am.

opening papers, ~~and rebuttal papers shall be~~ filed no later than **seven (7)**

~~calendar~~ **days** after service of responsive papers.

## V.   SETTLEMENT CONFERENCE

A settlement conference may be requested at any time in the case.  The Court may refer

the parties to consult with a Magistrate Judge or another regarding settlement.

## VI.   OTHER MATTERS

    A. The parties expect the trial of this matter to last **seven (7) days.**

    B. The parties do not wish to proceed to trial before a magistrate judge.

    C. A jury trial has been demanded.

**SO STIPULATED**

Dated: June 12, 2013

9

/s/                                         /s/
_____               _____
Eric S. Barr (VSB# 74657)                   Brandon H. Elledge (VSB# 45349)
SUGHRUE MION, PLLC                          Andrew R. Oja (VSB# 80764)
2100 Pennsylvania Ave., NW                  HOLLAND & KNIGHT LLP
Suite 800                                   1600 Tysons Blvd.
Washington, DC 20037                        Suite 700
Tel:  (202) 293-7060                        McLean, VA  22102
Fax: (202) 293-7860                         Tel:  (703) 720-8600
ebarr@sughrue.com                           Fax: (703) 720-8610
                                            brandon.elledge@hklaw.com
*Of Counsel:*                               andrew.oja@hklaw.com

William H. Mandir                           *Of Counsel:*
John F. Rabena
Chandran B. Iyer                            Joshua C. Krumholz
Margaret M. Welsh                           HOLLAND & KNIGHT LLP
SUGHRUE MION, PLLC                          10 St. James Ave.
2100 Pennsylvania Ave., NW                  11th Floor
Suite 800                                   Boston, MA 02116
Washington, DC 20037                        Tel:  (617) 523-2700
Tel:  (202) 293-7060                        Fax: (617) 523-6850
Fax: (202) 293-7860                         joshua.krumholz@hklaw.com
wmandir@sughrue.com
jrabena@sughrue.com                         Christopher M. Scott
cbiyer@sughrue.com                          HOLLAND & KNIGHT LLP
mwelsh@sughrue.com                          31 West 52nd St.
                                            New York, NY 10019
*Attorneys for Plaintiff MiTile, Ltd.*      Tel:  (212) 513-3200
                                            Fax: (212) 385-9010
                                            christopher.m.scott@hklaw.com

                                            *Attorneys for Defendant Hasbro, Inc.*


        SO ORDERED this _____ day of _____, 20___.




                                   _____
                                   UNITED STATES DISTRICT JUDGE




                                   10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MITILE, LTD.,<br><br>                 Plaintiff,<br><br>          v.<br><br>HASBRO, INC.,<br>                 Defendant. | Civil Action No. 1:13-cv-00451-GBL-TCB |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to such filing (NEF) to the following:

Brandon H. Elledge
Andres R. Oja
**Holland & Knight LLP**
1600 Tyson's Blvd.
Suite 700
McLean, VA 22102

June 12, 2013

/s/ _____
Eric S. Barr, Esq.
Virginia bar number 74657
Attorney for MiTile, Ltd.
Sughre Mion, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Phone: 202-293-7060
Fax: 202-293-7860
ebarr@sughrue.com