```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division


                                    )
MITILE, LTD.                        )
         Plaintiff,                 )
                                    )
              v.                    )   Civ. No. 1:13cv451
                                    )
HASBRO, INC.                        )
         Defendant.                 )
                                    )
```

## MEMORANDUM OPINION AND ORDER

THIS MATTER originally came before the Court on plaintiff's Motion to Compel Documents Relating to Defendant's Sales (Dkt. 31), which the Court granted.  Federal Rule of Civil Procedure 37(a)(5)(A) provides that the Court must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees.  The Court, in considering the motion, found that the defendant's failure to provide discovery necessitated the plaintiff's motion and the defendant's nondisclosure was not substantially justified.

Plaintiff's Statement of Fees in Association with Plaintiff's First Motion to Compel requested total fees of $28,345.00.  (Dkt. 53.)  The Court finds, however, that a portion of the attorney's time claimed was for matters other than "expenses incurred in making the motion, including attorney's fees" as provided in the foregoing rule.  Thus, the

1

Court finds that, of the itemized hours, Mr. Rabena reasonably spent 17.5 hours in connection with making the motion, while Mr. Iyer spent 15.5 hours, and Ms. Kokabi spent 13.7 hours. Mr. Rabena has been practicing law for 19 years, and his hourly billing rate is $650. Mr. Iyer has been practicing law for 13 years, and his hourly billing rate is $425. Ms. Kokabi has been practicing law for 8 years, and her hourly billing rate is $400.

The Court has also reviewed the twelve factors to be considered when determining the reasonable billing rate and hours. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009). Of the twelve factors, the Court finds that factors (2) novelty and difficulty of the questions raised, (4) opportunity costs, (6) attorney's expectations, (7) time limitations, (8) amount in controversy, (10) undesirability, and (11) nature and length of attorney-client relationship are not significant factors.

As to the reasonableness of counsel's rates, the Court considered the Memorandum Opinion and Order issued in Vienna Metro LLC v. Pulte Home Corp., Case No. 1:10-cv-502, in which the Court accepted the opinion offered by Mr. Craig Reilly in establishing the prevailing market rates offered in Northern Virginia. Although that case involved real estate related claims, the firms surveyed included those engaging in patent law litigation as well as a variety of other cases. Applying the

rates established in that case for 2011 with a 5% discount to the experience and ability of plaintiff's counsel in this case, the Court finds that the rates charged in this case are below the prevailing rates for attorneys with their experience and ability and, thus, finds that they are reasonable.

The skill required (factor 3) in a patent case further justifies the fees charged, as do the experience, reputation, and abilities of the attorneys (factor 9).

As to factors 1, 5, and 12, the Court finds that the time and labor expended, as adjusted by the Court, are reasonable and necessary (factor 1), the fees are customary for like work (factor 5), and the attorney's fees award in connection with this motion are similar to those in other cases which the Court has considered in the past (factor 12). Thus, the Court finds the total attorneys' fees below to have been reasonably incurred in making this motion and should be awarded:

| Attorney | Hours Expended | Rate | Total |
|:---:|:---:|:---:|:---:|
| Mr. Rabena | 17.5 | $650 | $11,375.00 |
| Mr. Iyer | 15.5 | $425 | $6,587.50 |
| Ms. Kokabi | 13.7 | $400 | $5,480.00 |
|  |  | Total Fees | $23,442.50 |

It is reasonable and customary for both associates and partners to work on the same motion and their time expended is

3

not duplicative, but appropriate.

Therefore, the Court finds that defendant Hasbro, Inc., must pay plaintiff the total sum of $23,442.50, within 10 days.

It is so ordered.

ENTERED this 3rd day of October, 2013.

                                              /s/
                            THERESA CARROLL BUCHANAN
                            UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia